21CA1713 Peo v Roberson 07-09-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 21CA1713
Weld County District Court No. 17CR1903
Honorable Julie C. Hoskins, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jessica Jo Roberson,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE BROWN
Yun and Bernard*, JJ., concur

Prior Opinion Announced July 20, 2023, Reversed in 23SC622

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 9, 2026

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, James S. Hardy, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 Defendant, Jessica Jo Roberson, pleaded guilty to felony counts of theft and forgery in one case, a misdemeanor count of criminal mischief in a second case, and a probation violation in a third case. Roberson appealed the district court's order awarding restitution, and we vacated the order. *People v. Roberson*, 2023 COA 70, ¶¶ 1-3 (*Roberson I*). The Colorado Supreme Court granted the People's petition for writ of certiorari, reversed this division's opinion, and remanded the case to this court to address Roberson's remaining issues on appeal. *People v. Roberson*, 2025 CO 30, ¶¶ 1-2, 18 (*Roberson II*). We do so now and affirm.

## I. Analysis

¶ 2 Roberson contends that the district court (1) lost authority to order restitution because the prosecution violated the restitution statute and (2) erred by ordering more restitution than was contemplated by her plea agreement. We perceive no reversible error.

### A. The Prosecution's Statutory Deadline

¶ 3 Roberson contends that the prosecution violated section 18-1.3-603(2), C.R.S. 2019,[1] because the information it needed to support its restitution request was available before sentencing yet was not submitted at the sentencing hearing. After considering the parties' supplemental briefs, we conclude that any error was harmless.

#### 1. Generally Applicable Law and Standard of Review

¶ 4 At the time of Roberson's sentencing, the version of the restitution statute in effect required the district court to "base its order for restitution upon information presented to the court by the prosecuting attorney." § 18-1.3-603(2). "[T]he prosecuting attorney shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction." *Id.* The supreme court clarified that, under subsection (2), the prosecution must file "'the amount' of the proposed restitution . . . before the judgment of conviction or, if that

---

[1] The statute has since been amended. Throughout this opinion, we cite the version in effect at the time the district court addressed Roberson's sentencing and restitution.

information isn't yet available, no later than ninety-one days after the judgment of conviction." *People v. Weeks*, 2021 CO 75, ¶ 6 (quoting § 18-1.3-603(2)).  The court may "extend this deadline only if, before the deadline expires, it expressly finds that there are extenuating circumstances affecting the prosecution's ability to determine the proposed amount of restitution."  *Id.*; *see* § 18-1.3-603(2).

¶ 5     We review de novo questions of statutory interpretation. *Weeks*, ¶ 24.  In construing a statute, we aim to effectuate the legislature's intent by giving the language its plain and ordinary meaning; reading the words and phrases in context and in accordance with the rules of grammar and common usage; and construing the statute as a whole, giving consistent, harmonious, and sensible effect to all its parts but avoiding constructions that render any words or phrases superfluous or lead to illogical or absurd results.  *Id.* at ¶¶ 25-26.

¶ 6     We also review de novo whether the trial court had authority to order restitution.  *People v. Roddy*, 2021 CO 74, ¶ 23.

## 2. Additional Background

¶ 7 Roberson entered into a plea agreement that provided as follows: "The parties stipulate to $21,450.00 in restitution for the benefit of Lee Hagler. Additional restitution will be reserved."

¶ 8 The district court held a sentencing hearing on June 25, 2020. The court ordered restitution, reserved determining the amount, and set deadlines for the prosecution to submit its restitution request and for Roberson to object. Defense counsel did not argue that the prosecution had failed to meet its deadline under section 18-1.3-603(2) or that the court lacked authority to order restitution as a result. The prosecution filed its initial restitution request twenty-eight days later, seeking $62,241.28 for Hagler. Defense counsel objected and requested a hearing.

¶ 9 After several continuances and several amended notices of restitution, the court held a restitution hearing on September 14, 2021, at which the prosecution presented evidence supporting the

final restitution amount requested.  The court ultimately ordered

Roberson to pay $59,870.93 in restitution to Hagler.[2]

### 3.     Preservation and Waiver

¶ 10     As a threshold matter, we conclude that Roberson's claim is cognizable as a Crim. P. 35(a) illegal manner claim that does not require preservation.  *See Tennyson v. People*, 2025 CO 31, ¶ 7 (the trial court's order setting the amount of restitution is not part of the sentence or judgment of conviction; thus, a challenge to its timeliness is an illegal manner claim under Crim. P. 35(a)); *see also People v. Martinez Rubier*, 2024 COA 67, ¶¶ 22-23 (a defendant's challenge to the trial court's sua sponte order granting the prosecution an extension of time to file restitution information falls under Crim. P. 35(a) and does not require preservation).  And Roberson's appeal is a timely illegal manner claim.  *See* Crim. P. 35(a), (b).

---

[2] In *People v. Roberson*, 2023 COA 70, ¶ 8 (*Roberson I*), we incorrectly stated the final restitution amount was $60,633.94. Following the restitution hearing, the district court entered a final written order for restitution in the amount of $59,870.93, as stated in *People v. Roberson*, 2025 CO 30, ¶ 8 (*Roberson II*).

¶ 11    In addition, although a defendant may waive a claim that the prosecution failed to comply with its deadline under section 18-1.3-603(2), *see Johnson v. People*, 2025 CO 29, ¶ 25, we are not persuaded that Roberson waived her claim.

¶ 12    We review de novo whether a party waived a right. *Richardson v. People*, 2020 CO 46, ¶ 21. Waiver is the intentional relinquishment of a known right or privilege. *Forgette v. People*, 2023 CO 4, ¶ 28. For statutory rights, a waiver "must be voluntary, but need not be knowing and intelligent." *Finney v. People*, 2014 CO 38, ¶ 16. A waiver may be explicit, as when a defendant "expressly abandons an existing right or privilege," or it may be implied, as when a defendant "engages in conduct that manifests an intent to relinquish a right or privilege or acts inconsistently with its assertion." *Forgette*, ¶ 28.

¶ 13    The People argue that Roberson waived her right to challenge the prosecution's deadline based on her plea agreement, which provided that "[a]dditional restitution will be reserved." The People also point to defense counsel's acknowledgment at the providency hearing that "there are additional restitutions being reserved for the [prosecution] at trial with the [c]ourt." But nothing in Roberson's

6

plea agreement or her counsel's representations set a deadline for the prosecution to submit the restitution information or otherwise excused its compliance with its statutory deadline. And neither the plea agreement nor counsel's representations acknowledged that the restitution information was unavailable to the prosecution at sentencing. *See Martinez Rubier*, ¶¶ 32-33 (the defendant did not waive his right to challenge the prosecution's failure to timely submit restitution information when the plea agreement did not set out a specific deadline or otherwise exempt the prosecution from its statutory obligation). Accordingly, we conclude that Roberson did not intentionally relinquish her right to challenge the restitution order on the basis that the prosecution failed to comply with its statutory deadline. *See Forgette*, ¶ 28. We turn next to the merits of Roberson's contention.

4. Any Error by the Court in Not Requiring the Prosecution to Comply with its Statutory Deadline Was Harmless

¶ 14 The restitution statute clearly requires the prosecution to present information supporting its requested restitution amount "prior to the order of conviction." § 18-1.3-603(2). Only if such

7

information "is not available" at that time may the prosecution delay submission for up to ninety-one days. *Id.*

¶ 15    It is undisputed that the prosecution submitted its restitution request twenty-eight days after Roberson's sentencing. If the supporting information was available to the prosecution at or before the sentencing hearing, the prosecution violated section 18-1.3-603(2) by failing to present it at that time.[3] But if the information was not available to the prosecution at or before the sentencing hearing, the prosecution did not violate the statute, even in the absence of extenuating circumstances. *See Weeks*, ¶ 21 n.7 ("[T]he prosecution doesn't need the court's permission to submit the information in support of a motion for restitution within ninety-one days of the judgment of conviction, so long as that information isn't

---

[3] In *People v. Brassill*, 2024 COA 19, ¶ 30 (*cert. granted in part* Aug. 04, 2025), a division of this court held that the restitution statute "requires the prosecution to use reasonable diligence to obtain restitution information and present it at or before sentencing." Whether the defendant may challenge a restitution order based on the prosecution's failure to use reasonable diligence to gather restitution information before sentencing is a question currently pending before the supreme court on certiorari review of *Brassill*. *See Brassill v. People*, (Colo. No. 24SC196, Aug. 04, 2025) (unpublished order). Given our disposition, we need not weigh in on this question.

available before the judgment of conviction"; rather, "[i]t's the *extension of that ninety-one-day period* that requires a request" and a finding of extenuating circumstances.).

¶ 16 Roberson argues that the prosecution had the information well before sentencing based on testimony at the restitution hearing that the victim's office manager had calculated the amount in March or April 2017 after Roberson was fired. The People do not dispute this evidence but seem to argue that the prosecution had ninety-one days to submit the request regardless of when it received the information. As explained, we reject the People's interpretation of the statute. But because this issue was not raised at the sentencing hearing, the record does not clearly establish when the prosecution actually obtained the restitution information. Even so, at least one division of this court has held that it is error for a trial court, as here, to sua sponte grant the prosecution an extension of time to submit restitution information without a request for an extension and a showing that the information was unavailable before the order of conviction. *See Martinez Rubier*, ¶ 41.

¶ 17 But even assuming the district court erred by allowing the prosecution to submit its restitution request after sentencing, we

conclude that any error was harmless because Roberson has not shown prejudice. *See* Crim. P. 52(a) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."). The Colorado Supreme Court has yet to decide whether harmless error review applies to violations of the prosecution's subsection (2) deadline, but at least one division of this court applied harmless error review, *see Martinez Rubier*, ¶ 48, and we agree with that division's approach.

¶ 18 Unlike *Snow v. People*, 2025 CO 32, the district court here entered one of the enumerated restitution orders at sentencing — it ordered restitution, reserving the amount to be determined later. *See* § 18-1.3-603(1)(b) (the court may order that the defendant is obligated to pay restitution but that the specific amount of restitution will be determined within ninety-one days). As a result, and because Roberson waived her right to object to the court's entry of a restitution order beyond the ninety-one-day deadline, the court retained authority to enter the restitution order. *Roberson II,* ¶¶ 17-18; *see Martinez Rubier*, ¶¶ 46-47 (concluding that the trial court "never lost the authority to enter the restitution order, even though it erred by granting the prosecutor an unrequested extension of

time to submit the restitution information"); *cf. Weeks*, ¶ 47 (vacating restitution order when the court lacked authority to enter it beyond the statutory ninety-one-day deadline). And because the court never lost the authority to order restitution, vacatur is not automatic. *See Martinez Rubier*, ¶ 46; *see also People v. Brassill,* 2024 COA 19, ¶¶ 58-62 (declining to automatically vacate a restitution order despite the prosecution's failure to comply with the restitution statute and instead concluding that the trial court did not abuse its discretion by declining to deny restitution as a sanction for noncompliance) (*cert granted in part* Aug. 04, 2025).

¶ 19    Instead, we are persuaded by the division's analysis in *Martinez Rubier*, ¶¶ 42-48, that we review the alleged error for harmlessness. *See People v. Dominguez,* 2021 COA 76, ¶ 12 (reviewing an illegal manner claim for harmless error). "In weighing whether a trial court's violation of a statutory deadline requires reversal of the defendant's conviction, we consider the gravity of the court's deviation from the statutory provisions, 'including a consideration of due process concerns,' and any prejudice to the defendant caused by the deviation." *Martinez Rubier*, ¶ 48 (quoting *People in Interest of Lynch,* 783 P.2d 848, 852 (Colo. 1989)).

11

¶ 20    Here, the prosecution submitted the restitution information twenty-eight days after sentencing.  Roberson then requested several continuances, delaying resolution of restitution far beyond the ninety-one-day statutory deadline.  *See* § 18-1.3-603(1)(a).  Indeed, Roberson had more than 400 days to review and challenge the requested restitution.  *See Roberson II*, ¶ 16.  The prosecution also filed several amended restitution notices, ultimately reducing the amount of restitution requested.  And in the end, the district court ordered less restitution than the original request.

¶ 21    Notably, Roberson does not identify any prejudice resulting from the prosecution's twenty-eight-day delay in submitting restitution information.  She argues only that "[o]rdering a defendant to pay restitution when the court had no authority to do so is inherently prejudicial."  But, as discussed, the court retained authority to enter the restitution order.  *Cf. People v. Mickey*, 2023 COA 106, ¶¶ 7-8 (a trial court's entry of a restitution order without authority cannot be harmless).  On this record, we perceive no reversible error.

## B.    The Plea Agreement

¶ 22    Roberson contends that the district court erred by ordering $59,870.93 in restitution for two reasons: (1) the plea agreement limited the amount of restitution that could be awarded, and (2) the order erroneously includes amounts related to dismissed counts. Neither contention is persuasive.

### 1.    Standard of Review

¶ 23    Both of Roberson's arguments require that we interpret her plea agreement.  We do so de novo, "focus[ing] on the meaning a reasonable person would have attached to the agreement at the time the agreement was entered into." *People v. Antonio-Antimo*, 29 P.3d 298, 303 (Colo. 2000); *see Roddy*, ¶ 24; *Craig v. People*, 986 P.2d 951, 960 (Colo. 1999).  This is an objective standard, not one based on the defendant's subjective understanding.  *Craig*, 986 P.2d at 960-61.  Our task is not to rewrite the plea agreement "but to interpret it consistently with the reasonable intent of the parties in light of the defendant's right to be treated fairly by the government." *Id.*

## 2. Additional Background

¶ 24    The prosecution charged Roberson with one count of theft of between twenty and one hundred thousand dollars, as well as four counts of forgery — one for each check forged under her former employer's name.  Roberson ultimately agreed to plead guilty to count two — forgery of a check on or about December 22, 2016 — and an added count of theft of between one and twenty thousand dollars in exchange for the dismissal of the other four counts.

¶ 25    Recall that Roberson's plea agreement provided as follows: "The parties stipulate to $21,450.00 in restitution for the benefit of Lee Hagler.  Additional restitution will be reserved."  The plea agreement also provided that "[r]estitution and costs of prosecution as to all originally filed and pled counts will be as ordered by the court."  And during the providency hearing, Roberson's privately retained attorney clarified, "We are stipulated to restitution as of this date in the amount of $21,450, and there are additional restitutions being reserved for the [prosecution] at trial with the [c]ourt."

¶ 26    At her sentencing hearing, Roberson was represented by the public defender.  In her statement to the district court, Roberson

14

accepted "100 percent responsibility for everything that [she had] done" and said she "most definitely want[ed] to repay the victims." The public defender advocated for a sentence that would allow Roberson "back into the community sooner so that she can start making those payments towards restitution and start doing what she can do at this point to make the victims whole again."

¶ 27     At an August 2020 status conference regarding restitution, the public defender noted that the plea agreement stipulated to a specific amount of restitution payable to Hagler. She explained that she interpreted the "additional restitution" language "to mean additional affected parties," not more restitution for Hagler.[4] But she acknowledged that she did not represent Roberson during plea negotiations and lacked access to the plea communications between Roberson's former counsel and the prosecution. The court ordered the prosecution to provide those communications.

¶ 28     At the restitution hearing, the public defender objected to a restitution order exceeding $21,450 and moved to enforce the plea agreement. She asked Roberson what she understood about

---

[4] Roberson does not advance this interpretation on appeal.

15

"approximately how much money in restitution [she] would be ordered to pay in connection with the plea agreement." Roberson responded, "Twenty-one to twenty-two thousand." The prosecutor admitted she could not locate or provide the plea negotiation communications but nonetheless disagreed with Roberson's interpretation based on the plea agreement's plain language.

¶ 29 The district court determined that Roberson's interpretation of the plea agreement was not reasonable "based upon how the plea agreement is written." The court explained that when there is a stipulated amount of restitution, it is typically "spelled out a little bit more specifically in the plea agreement," and such an agreement would not "have the language that restitution is reserved." The court authorized Roberson to file a motion to reconsider if the public defender was able to obtain new information or evidence. No such motion was ever filed.

3. The Plea Agreement Did Not Limit the Amount of Restitution

¶ 30 Roberson contends that the prosecution stipulated to "cap her restitution liability at $21,450," that she detrimentally relied on that promise, and that the promise must be specifically enforced. We disagree.

16

¶ 31    It is true that, when a defendant detrimentally relies on a promise made by the prosecution in a plea agreement, due process requires enforcement of that promise. *People v. Macrander*, 756 P.2d 356, 359 (Colo. 1988). But we cannot conclude, based on the plain language of the plea and counsel's contemporaneous representations, that the prosecution promised to limit Roberson's restitution obligation to $21,450. *See Antonio-Antimo*, 29 P.3d at 303; *Craig*, 986 P.2d at 960-61.

¶ 32    We acknowledge that the plea agreement provides a stipulated amount of restitution for the benefit of Hagler. But it also clearly contemplates "[a]dditional restitution," including restitution on all original counts. *See People v. Romero*, 745 P.2d 1003, 1010 (Colo. 1987) (to defer to a defendant's interpretation, there must be "a reasonable foundation in the document itself and" the surrounding circumstances). Those original counts included a count of theft of between twenty and one hundred thousand dollars and four counts of forgery. And as the supreme court explained, "At the time of sentencing, the victim had determined the value of certain elements of these offenses but told the prosecution he needed more time to go

17

through records to determine what other losses might be directly attributable to Roberson's conduct." *Roberson II*, ¶ 3.

¶ 33     Moreover, counsel's representations at the providency hearing demonstrate his understanding that the prosecution intended to seek more restitution than what was set forth in the plea agreement. Roberson did not object to or express confusion about this during her plea colloquy with the court.

¶ 34     Given these circumstances, we conclude that the plea agreement cannot reasonably be interpreted as limiting the amount of restitution to $21,450.00. *See Antonio-Antimo*, 29 P.3d at 303; *Craig*, 986 P.2d at 960. Thus, we conclude that the district court did not err by ordering restitution greater than $21,450.

### 4.     The Plea Agreement Authorizes Restitution Based on Dismissed Charges

¶ 35     Roberson next contends that the restitution order should be reduced to $27,500, which she claims is the maximum permitted based on the charges to which she pleaded guilty. We disagree.

¶ 36     Generally, a court may not award restitution for losses proximately caused by conduct underlying a dismissed charge. *Roddy*, ¶ 28. "That said, the prosecution and the defendant may

strike a plea agreement that extends the scope of the restitution order to include uncharged conduct or dismissed counts." *Id.* In such cases, "a defendant may receive the benefit of avoiding trial, pleading guilty to fewer or different offenses, and receiving a reduced sentence in exchange for making full restitution to those harmed by her conduct." *People v. Sosa,* 2019 COA 182, ¶ 30. "And when a defendant agrees to make restitution for losses stemming from uncharged conduct or dismissed counts, she is bound by that agreement." *Id.*

¶ 37    Roberson pleaded guilty to one count of forgery involving a $7,500 check and one count of theft of between one and twenty thousand dollars. She contends that $27,500 is the maximum restitution permitted for these charges. But Roberson's argument overlooks the language of the plea agreement indicating that "[r]estitution and costs of prosecution as to all originally filed and pled counts will be as ordered by the [c]ourt."

¶ 38    Roberson is bound by her agreement to make restitution for losses stemming from all original counts, *Sosa,* ¶ 30, and her potential restitution exposure on the original counts far exceeds the

restitution ordered.[5]  Accordingly, we conclude that the district court did not err by ordering restitution greater than $27,500.

## II. Disposition

¶ 39    We affirm the district court's restitution order.

JUDGE YUN and JUDGE BERNARD concur.

---

[5] Roberson argues, for the first time in her reply brief, that the plea agreement is ambiguous because it does not specifically reference "dismissed" counts.  Although we could decline to consider this argument, *see People v. Owens*, 2024 CO 10, ¶ 24 ("[I]t is well-settled that an appellate court will not consider arguments raised for the first time in a reply brief . . . ."), we are not persuaded by it.  The plea agreement clearly contemplates restitution for "all originally filed" counts, including those that were dismissed.